United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41731
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR BARRIOS-PEREZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:03-CR-850-1
---------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

Hector Barrios-Perez pleaded guilty to a one-count indictment charging him with re-entering the United States illegally after deportation. He was sentenced to a 57-month term of imprisonment, to be followed by a three-year term of supervised release.

Barrios contends that the district court misapprehended its authority to depart downward on grounds of cultural assimilation. The issue presented to and addressed by the district court was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

whether Barrios qualified for a "fast track" departure. Rather than misapprehending its legal authority to depart downward on the basis of cultural assimilation, the district court determined that it lacked legal authority to adopt a substitute basis for departure as a means for remedying the Government's failure to implement a "fast track" program. Because the record does not support Barrios's argument that the district court misapprehended its legal authority to depart downward on the basis of cultural assimilation, this court lacks jurisdiction to review the issue. See United States v. Rodriquez-Montelongo, 263 F.3d 429, 431 (5th Cir. 2001). The appeal is dismissed in part.

Barrios's offense level was raised by 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) because he was convicted for an aggravated felony/crime of violence prior to deportation. Barrios contends that the prior conviction constituted an element of the offense under 8 U.S.C. § 1326(b) and should not be regarded as a mere sentencing factor. Because the fact of the prior conviction was not alleged in the indictment, he contends, his maximum sentence should have been no more than 24 months under 8 U.S.C. § 1326(a). He concedes that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), but asserts that Almendarez-Torres has been called into doubt by Apprendi v. New Jersey, 530 U.S. 466 (2000).

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984

(5th Cir. 2000).  This court must follow <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it."  <u>Dabeit</u>, 231 F.3d at 984 (internal quotation marks and citation omitted).  The district court's judgment is affirmed in part.

For the foregoing reasons, the judgment of the district court is AFFIRMED IN PART; and the appeal is DISMISSED IN PART.